**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-3504
_____

STEPHEN HEALY,
                              Appellant

v.

UNITED STATES POST OFFICE
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 3-15-cv-06772)
District Judge:  Honorable Michael A. Shipp
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 16, 2016
Before: JORDAN, BARRY and VAN ANTWERPEN, <u>Circuit</u> <u>Judges</u>

(Opinion filed: March 17, 2016)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se appellant Stephen Healy ("Healy") appeals from the order of the United States for the District Court of New Jersey.  We will affirm the District Court's decision to dismiss his complaint for failure to state a claim.

I.

On September 10, 2015, Healy filed a twelve-page complaint in the District Court of New Jersey, and asked for leave to proceed in forma pauperis ("IFP").  Healy's twelve-page handwritten complaint appeared to be written in a stream of consciousness, and to the extent that he alleged any harm, he stated that the United States Post Office had sent him corrupt messages that inflicted permanent brain and memory damage on him, and were severely cruel.[1]  He sought, at a minimum, ten million dollars in damages. The District Court granted Healy IFP status, but dismissed his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) because Healy did not state a claim upon which relief could be granted.[2]  Healy filed a timely notice of appeal.

II.

The District Court had jurisdiction pursuant to 28 U.S.C. § 1331, and we have jurisdiction pursuant to 28 U.S.C. § 1291.  Our review of the District Court's sua sponte dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii) is plenary.  See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000).  When dismissing complaints for failure to state a claim

---

[1] Healy was referring, for example, to signs stating "Collect a Classic," referring to various stamps.

[2] The District Court also noted that Healy's complaint was frivolous and failed to meet

under § 1915(e)(2)(B)(ii), this standard of review is the same as under Fed. R. Civ. P. 12(b)(6). Where a complaint has not alleged sufficient facts to state a claim for relief that is "plausible on its face[,]" dismissal is appropriate. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Pro se complaints must be construed liberally. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007).

Healy did not allege sufficient facts in his complaint to state a plausible claim for relief. His materials invoke numerous fantasy scenarios, and his only concrete claim is that a sign posted in a United States Post Office can have its letters rearranged in an offensive way. He presented materials rearranging Post Office signs in just such a fashion, but it was clear that he had rearranged them. Even under a generous reading of his complaint, this does not constitute the basis for a facially plausible claim. See Connelly v. Lane Const. Corp., 809 F.3d 780, 786-87 (3d Cir. 2016).

For the reasons stated above, we will affirm the District Court's order dismissing Healy's complaint for failure to state a claim. In light of our disposition, Healy's motion for appointment of counsel is denied.[3] See Tabron v. Grace, 6 F.3d 147, 155-56 (3d Cir. 1993).

---

the standards of Federal Rule of Civil Procedure 8.

[3] To the extent that Healy also sought an extension of time to file his informal brief, we decline to grant the extension because he timely filed his informal brief.